Okey, J.,
dissenting. The court properly hold that there-can he no assessment for services of the civil engineer, because he is an officer paid by salary from the city treasury but the court further hold, erroneously, as I think, that an assessment may be made'for services of the superintendent.,, who is merely an assistant civil engineer, employed temporarily and locally, and paid a compensation of three dollar’s a day out of the city treasury. There is no distinction in principle between these items of expense, for the engineer and superintendent were alike officers with respect to this improvement. Nor do I think the cost of the wall was-properly included in the assessment. True, the language, “ any other necessary expenditure,” is broad; but it is a-grave mistake to suppose the legislature intended to invest municipal corporations with unlimited power to improve-avenues, and assess the cost on the abutting property. There is a limit somewhere; and, in my opinion, that limit is much exceeded when the cost of a work, like the wall in question, which is only partly within the avenue improved,, is assessed on the abutting property; for it was plainly the-duty of the state and the city to keep’ the wall in repair.
The principle has, in substance, been recently incorporated into our legislation, that in making local assessments, the statutes providing therefor must be strictly construed, except as to matters of form. 75 Ohio L. 326, § 60. That provision does not apply here, because the assessment was made before the statute was passed. But it is a principle existing independently of that act, that statutes relating to such assessments must be strictly construed. Oooley on Taxation, 209; Burroughs on Taxations, 471; Dillon on Mun. Corp. § 55, lb. ch. 19. And that principle, I think,, has been disregarded in this case.
. Motion overruled.